This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                           **NO. 33,075**

**RODNEY MONDRAGON,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}    Rodney Mondragon (Defendant) appeals from the district court's judgment affirming his bench trial conviction for DWI following an on-record appeal. He contends that the metropolitan court erred in denying his motion to suppress because the stop of his vehicle was not supported by reasonable suspicion. This Court issued a calendar notice proposing summary affirmance. Defendant filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}    In our calendar notice, we proposed to hold that the metropolitan court did not err in denying Defendant's motion to suppress. [CN 6] Defendant's memorandum in opposition does not point to any specific errors in fact or in law in our calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant, in his memorandum in opposition, continues to argue that the district court erred in finding a reasonable suspicion for the initial stop because it was based on "the deputy's mistaken subjective belief that there was a headlight violation." [MIO 7]

{3}    The metropolitan court's factual finding that Deputy Rael believed he saw Defendant traveling without lights was based on the deputy's testimony during the

bench trial that, while working the graveyard shift, he observed Defendant's vehicle driving down the road with its headlights off. [DS 2; RP 63] The deputy "was emphatic that he observed at least [that] the left headlight was not illuminated[.]" [MIO 2] The deputy saw Defendant's vehicle turn and, at that point, saw the vehicle's taillights illuminate. [DS 2-3; RP 63; MIO 4] Despite the testimony of Defendant's friend, a passenger in the vehicle, that Defendant picked him up prior to the traffic stop and that the vehicle's headlights were on, [DS 5; RP 65; MIO 2] the metropolitan court found that "the deputy was absolutely convinced [Defendant] didn't have the light[s] on." [MIO 4] Defendant has not challenged this factual finding.

{4} While a finding that the deputy *believed* the lights were not on is not finding that they were not, Deputy Rael testified to objective facts, namely, that he did not see the left headlight illuminated, and he observed the taillights illuminate while the vehicle was driving down the street. These articulable facts provided the deputy with a reasonable suspicion to believe that Defendant was driving without illuminated headlights, and the deputy was justified in making a traffic stop for violation of NMSA 1978, Section 66-3-802 (1953). *See State v. Vandenberg*, 2002-NMCA-066, ¶ 17, 132 N.M. 354, 48 P.3d 92 ("A police officer may stop a vehicle if he has an objectively reasonable suspicion that the motorist has violated a traffic law."), *rev'd on other grounds*, 2003-NMSC-030, 134 N.M. 566, 81 P.3d 19. Even if the deputy was mistaken about what he observed, our Supreme Court has recognized that a

3

mistake of fact may provide the objective grounds for reasonable suspicion. *See State v. Hubble*, 2009-NMSC-014, ¶ 22, 146 N.M. 70, 206 P.3d 579. Therefore, Defendant's memorandum in opposition has failed to demonstrate that this Court's proposed disposition is incorrect.

{5}	For these reasons, and those stated in our calendar notice, we affirm.

{6}	**IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**M. MONICA ZAMORA, Judge**